# 24-2408-cv

# United States Court of Appeals
### *for the*
# Second Circuit

---

TROY WILLIAMS,

*Plaintiff-Appellant,*

— v. —

UNITED STATES OF AMERICA,

*Defendant-Appellee,*

EARLY NEUTRAL EVALUATION, ENE Evaluator,

*Defendant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT (BURLINGTON)

## BRIEF FOR PLAINTIFF-APPELLANT

JACK SPICER
SHILLEN MACKALL SELDON & SPICER LAW
    OFFICE, P.C.
*Attorneys for Plaintiff-Appellant*
21710 Maxham Meadow Way, Suite 2A
Woodstock, Vermont 05091
(802) 810-8557

CP COUNSEL PRESS    (800) 4-APPEAL • (333956)

# I. Table of Contents

I.      Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.     Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

III.    Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

IV.     The Issues Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . .  6

V.      Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

VI.     Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

VII.    Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

VIII.   Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...  11

IX.     Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...  12

        I.      The District Court Erred in Finding the United States Is
                Protected by the Exclusive Remedy Provision of the Vermont
                Workers' Compensation Act, 21 V.S.A. § 622 . . . . . . . . . . . . . . . .  12

                a.  The general rule is that an injured worker cannot bring a
                    civil action against his employer to recover for his work
                    injury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

                b.  The Vermont Workers' Compensation Act provides an
                    exception to the general rule when the employer fails to
                    secure compensation pursuant to the requirements of 21
                    V.S.A. § 687 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

                c.  The United States is not relieved of the obligation to secure
                    compensation pursuant to Section 687 by requiring its sub-
                    contractor to secure compensation for its employee . . . . . .  20

                    i.  The United States failed to secure compensation for Mr.
                        Williams under the plain language of section 687 . . . . . . 21

1

ii. Section 625 specifically forbids an employer from contracting out its obligation to secure compensation.. 22

iii. The Court must construe section 687 in favor of Mr. Williams……………………………………………23

II.    Mr. Williams Did Not Waive His Right to a Civil Action Against the  United States Pursuant to Subsection 618(d)… 24

X.    Relief Sought . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  26

XI.    Certificate of Compliance with Rule 32. . . . . . . . . . . . . . . . . . .  26

XII.    Addendum (21 V.S.A. §§ 618, 622, 625, 687) . . . . . . . . . . . . . . .  27

## II.     Table of Authorities

**CASES**

*Butler v. Huttig Bldg. Prod.,* 175 Vt. 323 (2003) ……………………………... 21

*Candido v. Polymers, Inc*., 166 Vt. 15, 17 (1996) ………………………… 16, 23

*Derosia v. Book Press, Inc.,* 148 Vt. 217 (1987) ……………………………… 21

*Dolan v. U.S. Postal Serv.,* 546 U.S. 481 (2006) ……………………………… 13

*Edson v. State*, 175 Vt. 330 (2003) …………………………………………… 17

*Fotinopoulos v. Dep't of Corr*., 174 Vt. 510 (2002) …………………………… 16

*In re Chatham Woods Holdings, LLC*, 184 Vt. 163 (2008) ………………16 ,19, 21

*In re Hinsdale Farm,* 177 Vt. 115 (2004) ………………………………… 20, 21

*Makarova v. United States*, 201 F.3d 110 (2000) ……………………………. 12

*Montgomery v. Brinver Corp.*, 142 Vt. 461 (1983) …………………………….. 23

*King v. Snide*, 144 Vt. 395 (1984) …………………………………………… 16, 17

*Longe v. Boise Cascade Corp*., 171 Vt. 214 (2000) ………………………… 15, 16

*Quinn v. Pate*, 124 Vt. 121 (1964) …………………………………………..  23

*Smith v. Desautels*, 183 Vt. 255 (2008) ……………………… 15, 18, 19, 21, 24, 25

*St. Paul Fire & Marine Ins. Co. v. Surdam*, 156 Vt. 585 (1991) ……………… 23

*State v. Read,* 165 Vt. 141 (1996) …………………………………………… 20

*State v. Fuller*, 163 Vt. 523 (1995) …………………………………………… 22

*Sweet v. Sheahan*, 235 F.3d 80 (2d Cir. 2000) ……………………………… 12

*Town of Brattleboro v. Garfield*, 180 Vt. 90 (2006) …………………………… 21

## UNITED STATES STATUTES

28 U.S.C. § 1291 ……………………………………………………….. 6

28 U.S.C. § 1294(1) …………………………………………………… 6

28 U.S.C. § 1331 ……………………………………………………… 5

28 U.S.C. § 1346, *et seq.* …………………………………………… 5, 12

28 U.S.C. § 1346(b)(1) ………………………………………………… 13

28 U.S.C. § 2674 ……………………………………………………… 13

39 U.S.C. § 409(c) ……………………………………………………    13

## VERMONT STATUTES

21 V.S.A. § 601, *et seq.* …………………………………………… 6, 7, 14

21 V.S.A. § 601(3) …………………………………………………….. 16

21 V.S.A. § 618(a)(1) ………………………………………………… 7, 14

21 V.S.A. § 618(b) ……………………… 5, 7, 8, 11, 14, 15, 17, 18, 19, 22, 24, 25

21 V.S.A. § 618(d) ……………………………………… 11, 15, 18, 24, 25

21 V.S.A. § 622 …………………………………………… 7, 8, 14, 17, 18, 19

21 V.S.A. § 624 ……………………………………………… 7, 8, 14, 17

21 V.S.A. § 625 …………………………………………………… 15, 22, 23

21 V.S.A. § 687 ………………… 6, 7, 10, 11, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24

21 V.S.A. § 709 …………………………………………………………… 23

## RULES

Fed. R. App. P. 4(a)(1)(B) …………………………………………………….. 6

Fed. R. Civ. P. 12(b)(1) ………………………………………………… 11, 12

Fed. R. App. P. 28(a) …………………………………………………… 5

## SECONDARY SOURCES

3B N. Singer, Statutes and Statutory Construction § 75:3 (6th ed. 2003 rev.). 21, 24

9 Larson's Workers' Compensation Law § 100.04 (2024) ……………………… 18

## III. Jurisdictional Statement

In accordance with Fed. R. App. P. 28(a), the District Court maintained subject-matter jurisdiction over the action commenced by Plaintiff-Appellant, Troy Williams ("Appellant" or "Mr. Williams"), pursuant to 28 U.S.C. § 1331, because the District Court action was brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq*.

The FTCA allows Mr. Williams to bring suit against the United States of America for money damages due to injury caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff-Appellant in accordance with the law of the State of Vermont. Mr. Williams maintains that the law of the State of Vermont, specifically 21 V.S.A. § 618(b), allows this action to proceed.

5

On July 16, 2024, the District Court issued a Memorandum and Order ("Order") that granted the motion of Defendant-Appellees, United States of America ("USA" or "Appellees"), to dismiss the Second Amended Complaint, which disposed of all parties' claims, and entered a final Judgment in Appellee's favor. This action of final decision is immediately appealable to this Court under 28 U.S.C. §§ 1291, 1294(1). Mr. Williams Notice of Appeal was timely filed with the District Court on September 6, 2024, pursuant to Fed. R. App. P. 4(a)(1)(B).

## IV.    The Issues Presented for Review

A. Did the District Court err in holding that it was deprived of jurisdiction because Defendant-Appellees, if a private person under the circumstances, would not be liable to Plaintiff-Appellant under Vermont law?

B. Does the Vermont Workers' Compensation Act, 21 V.S.A. § 601 *et seq*., provide an employee's exclusive remedy for a personal injury the employee received by accident arising out of and in the course of employment with an employer that has failed to secure compensation for the employee pursuant to 21 V.S.A. § 687?

## V.    Statement of the Case

Plaintiff-Appellant Troy Williams brings this case under the Federal Tort Claims Act to recover for injuries and damages he alleges were caused by the

negligent or wrongful acts and/or omissions of a United States Postal Service (USPS) employee or employees at the USPS Processing and Distribution Center in White River Junction, Vermont. At the time of the incident, Plaintiff was in the course and scope of his employment with RSD Transportation, Inc., which is a subcontractor of USPS. RSD Transportation, Inc. provided Mr. Williams workers' compensation benefits. Mr. Williams alleges that USPS failed to secure workers' compensation in compliance with the requirements of 21 V.S.A. § 687.

Vermont's Workers' Compensation Act (VTWCA), 21 V.S.A. §601 *et seq*., requires employers to provide workers compensation benefits to their employees who receive a personal injury by accident arising out of and in the course of their employment. *See* 21 V.S.A. § 618. The rights and remedies granted to an employee on account of a personal injury for which the employee is entitled to compensation under the provisions of the VTWCA are intended to be exclusive, "except as provided in subsection 618(b) and section 624 of [Title 21]." 21 V.S.A. § 622. The exception under subsection 618(b) allows an injured worker to bring a civil action against the employer when the employer fails to secure compensation in compliance with section 687 of the Act.

Defendant-Appellee United States of America moved the District Court to dismiss this case, arguing that the District Court is without subject matter jurisdiction because USPS would be considered Mr. Williams's "employer" under

7

Vermont's Workers' Compensation Act and his "exclusive remedy" is therefore workers' compensation benefits. *See* 21 V.S.A. §§ 622, 624. The District Court granted the motion to dismiss, and Mr. Williams appeals. Mr. Williams maintains that the District Court has subject matter jurisdiction because a private person under the circumstances alleged would be liable for Mr. Williams's damages through a civil action pursuant to the exception to the "exclusive remedy" provision of the Act provided under subsection 618(b).

## VI.    Statement of the Facts

Mr. Williams was employed as a driver by RSD Transportation, Inc., which was under contract with USPS for the provision of mail transportation services between the WRJ-P&DC and other post office facilities and destinations. *Joint Appendix*, A-9. At the WRJ-P&DC, Mr. Williams was required to assist USPS personnel with loading mail onto an RSD Transportation, Inc. trailer from the WRJ Center loading dock, tie or strap mail containers in the trailer where necessary, and sign for registered mail. *Id*.

The loading dock is elevated several feet above ground level for loading and unloading mail to and from trailers backed up to loading dock bays. *Id*. To assist with loading and unloading trailers, the WRJ-P&DC uses dock levelers that bridge the gap between the loading dock and the trailer of a transport vehicle. *Id*. The dock levelers are operated by a push button controller that, when pushed, lifts the

8

lip of the dock leveler from the stored position and extends the lip over the gap between the loading dock and trailer, thereby allowing for a continuous walking surface between the loading dock and trailer. *Id.* When not in use, the dock levelers are stored, also by operation of the push button controller, in an upright or vertical position on the edge of the loading dock and, in the stored position, several inches of the lip of the dock leveler extend above the adjacent loading dock walking surface. *Joint Appendix*, A-10.

On January 10, 2019, Mr. Williams was assisting with loading mail onto an RSD Transportation, Inc. trailer at the WRJ-P&DC when an employee of the USPS, Tamara Hernandez (nee Hammond), instructed or requested Mr. Williams to sign for registered mail on the loading dock. *Id.* At the time of the request, Mr. Williams had not completed his tasks to ensure the trailer was loaded, and the mail was not yet tied or strapped in the trailer. *Id.* Mr. Williams complied with Ms. Hernandez's request by exiting the trailer, traversing the bridge created by the dock leveler, and entering the loading dock where the USPS employee was standing, which was a couple of steps from the edge of the loading dock. *Id.*

A second USPS employee, Timothy Martin, pushed the button to return the dock leveler to the stored position while Mr. Williams was facing away from the trailer and signing for registered mail. *Id.* Mr. Williams was unaware that the dock leveler was returned to the stored position and, after signing for registered mail,

Mr. Williams turned around to enter the trailer and finish tying or strapping the load in the trailer. *Joint Appendix*, A-11. As Mr. Williams entered the trailer, he tripped over the lip of the dock leveler extending above the adjacent loading dock surface, fell forward into the open trailer, and landed on his extended upper extremities. *Id*. The force of falling into the trailer caused Mr. Williams to suffer immediate pain and sustain significant and traumatic injuries to his bilateral upper extremities, back, and hips. *Joint Appendix*, A-12.

Mr. Williams's further alleges in the First Amended Complaint that USPS failed to comply with the requirements of 21 V.S.A. § 687 by:

a.  Failing to insure and keep insured the payment of such compensation with any corporation or reciprocal or interinsurance exchange authorized to transact the business of workers' compensation insurance in the State of Vermont;

b.  Failing to obtain and keep in force guarantee insurance with any guarantee company authorized to do such guarantee business with the State of Vermont;

c.  Failing to establish and maintain to the satisfaction of the Vermont Commissioner of Labor the employer's financial responsibility necessary to secure payment by the employer of compensation according to the terms of the Vermont Workers' Compensation Act; and

d.  Failing to participate to the satisfaction of the Vermont Commissioner of Labor in a non-profit, self-insurance corporation approved by the Vermont Commissioner of Financial Regulation.

*Joint Appendix*, A-11. Mr. Wiliams alleges the United States failed to secure compensation for his injuries as required by Section 687 or that he has not waived his right to bring this action against the United States under subsection 618(b).

## VII. Summary of the Argument

The District Court has jurisdiction to hear this case because Vermont's Workers' Compensation Act confers Mr. Williams the right to bring this civil action. Under the Act, an employee has only waived his right to a civil action against his employer when the employer secures compensation pursuant to section 687 or the employee waives his right to file a civil action pursuant to the strict requirements of subsection 618(d). The United States of America failed to secure compensation for Mr. Williams in compliance with section 687, and Mr. Williams never signed an agreement waiving his right to pursue a civil action against the United States of America for injuries he sustained from the negligent acts or omissions of an employee of the government while both were in the course and scope of their employment. Therefore, the exclusive remedy provision does not immunize the United States from suit and this case should proceed pursuant to subsection 618(b) of the Act.

## VIII. Standard of Review

Defendant-Appellee moved the District Court to dismiss this case under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and in deciding the motion

the District Court was to construe all ambiguities and draw all inferences in Plaintiff-Appellant's favor. *Makarova v. United States*, 201 F.3d 110, 113 (2000). The District Court entered judgment, dismissing this action for lack of subject matter jurisdiction. On appeal from such a judgment, the Second Circuit is to "review factual findings for clear error and legal conclusions de novo." *Makarova v. United States*, 201 F.3d 110, 113 (2000) (internal references omitted).

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the District Court lacks the statutory or constitutional power to adjudicate it. *See* Fed. R. Civ. P. 12(b)(1). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Id*.

## IX. Argument

## I. The District Court Erred in Finding the United States Is Protected by the Exclusive Remedy Provision of the Vermont Workers' Compensation Act, 21 V.S.A. § 622.

Mr. Williams brings this case pursuant to the Federal Tort Claims Act (FTCA), 21 U.S.C. § 1346, *et seq*. The FTCA waives sovereign immunity and consents to be sued in certain cases involving negligence committed by federal

employees in the course of their employment, 28 U.S.C. § 1346(b)(1), making the United States of America (United States) liable "in the same manner and to the same extent as a private individual under like circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* 28 U.S.C. § 2674. Under the Postal Reorganization Act, the FTCA applies to "tort claims arising out of [Postal Service] activities." 39 U.S.C. § 409(c). Consequently, the United States may be liable for torts committed by Postal Service employees in the performance of their work duties. *Dolan v. U.S. Postal Serv.,* 546 U.S. 481, 485 (2006).

Mr. Williams alleges that he was injured by the negligent act(s) and/or omission(s) of an employee or employees of the United States Postal Service (USPS) acting within the scope of their employment. *Joint Appendix*, A-7. At the time, Mr. Williams was employed as a driver by RSD Transportation, Inc., which was under contract with USPS for the provision of mail transportation services. *Joint Appendix*, A-9. It is undisputed that Mr. Williams was injured in the course and scope of his employment with RSD Transportation, Inc. while at the USPS's White River Junction Processing and Distribution Center located in the state of Vermont. *Joint Appendix*, A- 9. Accordingly, the United States would be liable to Mr. Willliams to the same extent as a private individual under the circumstances and in accordance with Vermont law.

Since he was injured in the course and scope of his employment, Mr. Williams's injuries fall within the purview of the Vermont Workers' Compensation Act (VTWCA or Act), 21 V.S.A. § 601, *et seq*. The basic workers' compensation entitlement is found in 21 V.S.A. § 618(a)(1): "If a worker receives a personal injury by accident arising out of and in the course of employment by an employer subject to this chapter, the employer or the insurance carrier shall pay compensation in the amounts and to the person hereinafter specified." Moreover, the rights and remedies granted to an employee under the VTWCA on account of a personal injury for which the employee is entitled to compensation under the provisions of the Act are intended to be exclusive, "***except as provided in subsection 618(b)*** and section 624 of [Title 21]." 21 V.S.A. § 622 (emphasis added). That subsection allows an employee to bring a civil action against his employer when an employer fails to secure compensation pursuant to 21 V.S.A. 687. 21 V.S.A. § 618(b).

The sole question on appeal is whether the exception to the "exclusive remedy provision" of the Act provided in subsection 618(b) applies under the facts and circumstances of this case. 21 V.S.A. § 618(b). If it does not apply, Mr. Williams's exclusive remedy is a workers' compensation claim, and the District Court is without subject matter jurisdiction to hear the case. If the exception does apply, the District Court has jurisdiction and Mr. Williams's case against the

United States must proceed. Mr. Williams's position is that the exception applies because the United States failed to secure compensation pursuant to 21 V.S.A. § 687 and he did not make a binding election that precluded this civil action in "strict compliance with the explicit requirements of 21 V.S.A. § 618(d)." *See Smith v. Desautels*, 183 Vt. 255, 268 (2008).

Mr. Williams argues the plain language of sections 618(b) and 687 allows this case to proceed. *Joint Appendix*, A-11 to A12. The United States argues that subsection 618(b) does not apply because Mr. Williams's direct employer, RSD Transportation, Inc., secured compensation for Mr. Williams. This argument requires the Court to read an additional way an employer may secure compensation for its employees into the list provided under section 687. The Court should decline the United States's invitation. Allowing an employer to evade liability for securing compensation for its employee by contracting that obligation out to its subcontractors requires the court to ignore the Vermont Workers' Compensation Act's mandate that employers secure compensation for their employees pursuant to section 687, violate section 625's prohibition against employers contracting out their obligations under the Act, and undermines the Act's remedial purpose.

## A. The general rule is that an injured worker cannot bring a civil action against his employer to recover for his work injury.

Workers' compensation statutes strike a bargain between limiting recovery amounts and guaranteeing speedy compensation. *Longe v. Boise Cascade Corp.*,

171 Vt. 214, 221 (2000). The purpose of the workers' compensation statute is to

provide employees with a remedy independent of proof of fault, and employers

with a limited and determinate liability. *Longe*, 171 Vt. at 221. To effectuate this

purpose the Vermont Supreme Court favors an "all embracing" definition of

employee and employer where such a construction is reasonable. *In re Chatham*

*Woods Holdings, LLC*, 184 Vt. 163, 169 (2008), citing *Fotinopoulos v. Dep't of*

*Corr.*, 174 Vt. 510, 512 (2002).

> The Workers' Compensation Act defines "employer" to include:

> > the owner or lessee of premises or other person who is
> > virtually the proprietor or operator of the business there
> > carried on, but who, by reason of there being an
> > independent contractor or for any other reason, is not the
> > direct employer of the workers there employed.

21 V.S.A. § 601(3). The Vermont Supreme Court has previously stated, "this

language specifically and unambiguously covers multiple-employer business

situations." *Candido v. Polymers, Inc*., 166 Vt. 15, 17 (1996). In King v. Snide, 144

Vt. 395, 400 (1984), the Court stated that Section 601(3) "creates a statutory

relationship of employer and employee, where no such relationship existed at

common law." The statute was intended to impose liability for workers'

compensation benefits upon business owners who hire independent contractors to

carry out some phase of their business. *Id*. at 401. The idea was to prevent business

owners or general contractors from attempting to avoid liability for workers'

compensation by hiring independent contractors to do what they would otherwise have done themselves through their direct employees. *Id*.

It is undisputed in this case that the United States, if a private person, would be considered Mr. Williams's employer under the Act. But to be protected by the Act's exclusive remedy, a private person must secure compensation for its employee in compliance with 21 V.S.A. § 687, and that did not occur here.

As a general rule, the rights and remedies under the Act are exclusive:

> Except as provided in subsection 618(b) and section 624 of this title, the rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury.

21 V.S.A. § 622. The underlying rationale for making workers' compensation benefits exclusive with respect to statutory employers is that since the employer is "in effect, made the employer for the purposes of the compensation statute, it is obvious that it should enjoy the regular immunity of an employer from third-party suit when the facts are such that it could be made liable for compensation." *Edson v. State*, 175 Vt. 330, 334 (2003). However, as Professor Larson observed:

> If…the exclusiveness defense is a "part of the *quid pro quo* by which the sacrifices and gains of employees and employers are to some extent put in balance," it ought logically to follow that the employer should be spared damage liability only when compensation liability has

17

> actually been provided in its place, or, to state the matter
> from the employee's point of view, rights of action for
> damages should not be deemed taken away except when
> something of value has been put in their place.

9 Larson's Workers' Compensation Law § 100.04 (2024). The Vermont legislature

sought to sanction those entities that fall under the "all embracing" definition of

"employer" and violate section 687 by failing to purchase workers' compensation

insurance or other surety for their employees. *Smith*, 183 Vt. at 264.

The sanctions that the Vermont Legislature sought against employers who

fail to secure compensation for their employees pursuant to Section 687 include the

rights and remedies it afforded under subsections 618(b) and 618(d). *Smith*, 183

Vt. at 264. Subsection 618(b) provides an express exception to the exclusive

remedy provision of the Act when an employer fails to secure compensation for its

employee pursuant to section 687. 21 V.S.A. § 622 ("except as provided in

subsection 618(b)…"). That subsection contemplates an election of remedies:

> A worker who receives a personal injury by accident
> arising out of and in the course of employment with an
> employer who has failed to comply with section 687 of
> this title may elect to claim compensation under this
> chapter or to bring a civil action against the employer for
> full damages resulting from the work injury.

21 V.S.A. § 618(b). An employee plainly has the right to a civil action against his

employer when the employer fails to secure compensation for him in compliance

with section 687.

**B. The Vermont Workers' Compensation Act provides an exception to the general rule when the employer fails to secure compensation pursuant to the requirements of 21 V.S.A. § 687.**

The Vermont Workers' Compensation Act provides an exception to the general rule when the employer fails to secure compensation pursuant to the requirements of 21 V.S.A. § 687. See 21 V.S.A. §§ 622, 618(b). Vermont's workers' compensation laws mandate that employers secure insurance for their employees to protect the employees in the event of work-related injuries. *In re Chatham Woods Holdings, LLC*, 184 Vt. 163, 165 (2008), citing 21 V.S.A. § 687(a). Section 687 of the Vermont Workers' Compensation Act provides alternative means for the employer to "secure compensation" for employees, the most common of which is to purchase workers' compensation insurance. *Smith*, 183 Vt. at 259, citing 21 V.S.A. § 687(a). Under Section 687, Employers, not including state, county or municipal bodies, "shall secure compensation for their employees in one or more of the following ways:

a. By insuring and keeping insured the payment of such compensation with any corporation or reciprocal or interinsurance exchange authorized to transact the business of workers' compensation insurance in this state;

b. By obtaining and keeping in force guarantee insurance with any company authorized to do such guarantee business within the state;

c. By establishing and maintaining to the satisfaction of the commissioner the employer's financial responsibility necessary to secure payment by the employer of compensation according to the terms of this chapter;

19

d. By participating to the satisfaction of the Commissioner of Labor in a nonprofit, self-insurance corporation approved by the Commissioner of Financial Regulation under this chapter.

21 V.S.A. § 687. The District Court read into section 687 an additional way an employer may secure compensation for its employees: by agreement with a subcontractor.

The District Court states, "Although multiple employers are collectively responsible for securing workers' compensation insurance or self-insurance for a shared employee, nothing prevents those parties from reaching an agreement as to which party will secure that insurance although each remains primarily liable." *Joint Appendix*, A-30. The District Court reasoned that an employee is not entitled to both workers' compensation benefits and recovery under a common law negligence action "regardless of how or by whom workers' compensation insurance is secured". *Joint Appendix*, A-30. This reasoning is in error for several reasons.

**C. The United States is not relieved of the obligation to secure compensation pursuant to Section 687 by requiring its sub-contractor to secure compensation for its employee.**

This case requires the Court to interpret Section 687. When Vermont courts interpret a statute, their "principal objective is to implement legislative intent." *In re Hinsdale Farm,* 177 Vt. 115, 117 (2004) (citing *State v. Read,* 165 Vt. 141, 147 (1996)). "Where legislative intent can be ascertained on its face, the statute must be

20

enforced according to its terms without resort to statutory construction." *Id.* (citing *Derosia v. Book Press, Inc.,* 148 Vt. 217, 222 (1987)). Vermont's workers' compensation scheme is "remedial in nature and must be liberally construed to provide injured employees with benefits unless the law is clear to the contrary." *In re Chatham Woods Holdings, LLC*, 184 Vt. 163, 168, (2008) (citations omitted). Apart from the usual presumption in favor of the plain and ordinary meaning of statutory language, two other canons of statutory construction should guide the Court's review in this case. *Smith v. Desautels*, 183 Vt. 255, 262–63 (2008).

The first is that Vermont's workers' compensation statutes are liberally construed in favor of employees. *Id.*, citing *Butler v. Huttig Bldg. Prod.,* 175 Vt. 323, 327 (2003) and 3B N. Singer, Statutes and Statutory Construction § 75:3, at 32 (6th ed. 2003 rev.) ("The liberal interpretation is used to resolve any reasonable doubts in favor of the worker because it was for the Workers' benefit that the act was passed."). Secondly, specific statutory provisions generally trump more general ones. *Smith* at 263, citing *Town of Brattleboro v. Garfield*, 180 Vt. 90 (2006) (describing "long-standing rule of statutory construction that where two statutes deal with the same subject matter, and one is general and the other specific, the more specific statute controls").

i.    **The United States failed to secure compensation for Mr. Williams under the plain language of section 687.**

The plain language of section 687 of the Act prevents an employer from avoiding liability to an employee by agreement with another party. Section 687 provides the exclusive methods by which an employer may secure compensation for its employees and contracting out that obligation to a subcontractor is not one of those methods. Notably missing from the list of ways an employer shall secure compensation for its employees under section 687 are agreements with other employers. It is a well settled principle of statutory construction that the Court will not read words into a statute that are not there, "unless it is necessary in order to make [the statute] effective." *State v. Fuller*, 163 Vt. 523, 528 (1995).

The legislature's omission of the method of securing compensation for employees indicates that it intended to require *all* employers, including those in a multi-employer context, to secure compensation for their employees in compliance with the ways listed in the statute. Under subsection 618(b), "an employer who has failed to comply with section 687" is subject to a civil action brought by an injured employee. 21 V.S.A. § 618(b). Preventing Mr. Williams from bringing such an action is in error.

**ii.     Section 625 specifically forbids an employer from contracting out its obligation to secure compensation.**

Section 625 of the Act plainly forbids an employer from contracting out its obligation. That section, entitled "Contracting out forbidden," provides: "An employer shall not be relieved in whole or in part from liability created by the

provisions of this chapter by any contract, rule, regulation, or device whatsoever."

21 V.S.A. § 625. As the Vermont Supreme Court stated in *Candido*:

> an employer cannot completely avoid liability. Unlike other states' workers' compensation acts, Vermont's statute is mandatory. Once an employer-employee relationship is found, "an employer shall not be relieved in whole or in part from liability created by the provisions of [the Act] by any contract, rule, . . . or device whatsoever." 21 V.S.A. § 625; *see Falconer v. Cameron*, 151 Vt. 530, 533 (1989) (employer trucking company could not avoid liability under the Act by executing "lease agreement" with driver and characterizing driver as independent contractor).

*Candido v. Polymers, Inc.*, 166 Vt. 15, 18-19 (1996). In this case, the United States

seeks to avoid liability and its obligation to secure compensation for Mr. Williams.

### iii.  The Court must construe section 687 in favor of Mr. Williams.

In keeping with the purpose for which the Act was passed, the Court should

construe section 687 in favor of Mr. Williams by finding that the United States

failed to secure compensation for his injuries in compliance with section 687.

Being a remedial statute, the Court should construe the Workers' Compensation Act

liberally so that injured employees receive benefits "unless the law is clear to the

contrary." *St. Paul Fire & Marine Ins. Co. v. Surdam*, 156 Vt. 585, 590 (1991);

*Montgomery v. Brinver Corp.*, 142 Vt. 461, 463 (1983); *Quinn v. Pate*, 124 Vt.

121, 124 (1964); see also 21 V.S.A. § 709 ("The provisions of this chapter shall be

so interpreted and construed as to effect its general purpose").

## II. Mr. Williams Did Not Waive His Right to a Civil Action Against the United States Pursuant to Subsection 618(d).

Mr. Williams did not waive his right to pursue a civil action against the United States by accepting workers' compensation from RSD Transportation, Inc. In *Smith*, the Vermont Supreme Court considered whether an injured employee's acceptance of workers' compensation benefits from his employer (who failed to secure compensation pursuant to section 687) served as an election of remedies, effectively waiving the employees right to pursue a civil action against his employer pursuant to section 618(b). *Smith*, 183 Vt. at 255. The subsection central to *Smith* as well as this case provides:

> The acceptance of any payment by an employee for a work injury shall not bar a subsequent election to pursue a civil suit under subsection (b) of this section unless the employee, with knowledge of his or her rights, signs a written agreement waiving the right to pursue a civil action. The agreement shall be filed with and approved by the commissioner. If the employer fails to pay any amount due and owing under the workers' compensation act the waiver agreement shall be void and the employee may pursue a civil action.

21 V.S.A. § 618(d). In determining whether there was an election of remedies in *Smith*, the Court was guided by the plain and ordinary meaning of the statutory language as well as the canon of statutory construction "commonly applied in this context, [which] is that our workers' compensation statutes are liberally construed in favor of employees." *Smith*, 183 Vt. at 262-263, citing 3B N. Singer, Statutes

24

and Statutory Construction § 75:3, at 32 (6th ed. 2003 rev.) ("The liberal interpretation is used to resolve any reasonable doubts in favor of the worker because it was for the Workers' benefit that the act was passed.").

The Court held that "[i]n order to deprive the employee of his right to sue, there must be strict compliance with the explicit requirements of § 618(d)." That compliance did not occur, despite the plaintiff's acceptance of workers' compensation benefits from the non-compliant employer. *Smith*, 183 Vt. at 268. Accordingly, the exception to the general rule provides Mr. Williams with the right to accept payment for his work injury *and* bring a civil action against the non-compliant employer for full damages resulting from the work injury unless he waived that right.

Mr. Williams has not waived his right to pursue this action under Section 618(b). Like the plaintiff in *Smith*, Mr. Williams did not sign an agreement waiving his right to pursue a civil action, and no such agreement was filed with and approved by the Commissioner. Despite *Smith* being the only published Vermont Supreme Court opinion interpreting subsections 618(b) and 618(d), the District Court Opinion and Order Granting Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction does not once cite *Smith* or acknowledge the Vermont Supreme Court's holding in *Smith*. *Joint Appendix*, A-18 to A-32. Importantly, the plaintiff in *Smith* was not barred from collecting payments of

workers' compensation benefits and then turning around and bringing a civil action against his employer. In fact, that is exactly what the Vermont Supreme Court allowed him to do. Accordingly, the District Court clearly erred in holding "Section 618(b) does not authorize a double recovery." *Joint Appendix*, A-31.

## X.      Relief Sought

This Court should reverse the District Court's order dismissing this case for lack of subject matter jurisdiction and remand this case for further proceedings.

## XI.      Certificate of Compliance with Rule 32(g)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,132 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in a 14-point Times New Roman font.

Dated at Woodstock, Vermont this 20th day of December, 2024.

  /s/ Jack T. Spicer
Jack T. Spicer, Esq.
Shillen Mackall Seldon & Spicer Law Office, P.C.
21710 Maxham Meadow Way, Suite 2A
Woodstock, Vermont 05091
Telephone: 802-457-4848
Fax: 802-457-4769
Email: jspicer@promotingjustice.com

26

**XII.   Addendum (21 V.S.A. §§ 618, 622, 625, 687)**

**VERMONT STATUTES**
**TITLE TWENTY-ONE**

**LABOR**

**CHAPTER NINE: EMPLOYER'S LIABILITY AND WORKERS'**
**COMPENSATION**

### § 618. Compensation for personal injury

(a)(1) If a worker receives a personal injury by accident arising out of and in the course of employment by an employer subject to this chapter, the employer or the insurance carrier shall pay compensation in the amounts and to the person hereinafter specified. The compensation of a person who is under guardianship shall be paid to the person's guardian.

(2) If the injury occurred while engaged off the premises of the employer in a recreational activity that is available to the employee as part of the employee's compensation package or as an inducement to attract employees, it shall not be considered to have occurred in the course of employment unless the Commissioner finds at least one of the following:

(A) The employer derived substantial benefit from the activity, beyond that of attracting labor or improving employee health and morale.

(B) The activity was reasonably part of the employee's regular duties or undertaken to meet the expectations of the employer.

(C) The activity was undertaken at the request of the employer.

(3) [Repealed.]

(b) A worker who receives a personal injury by accident arising out of and in the course of employment with an employer who has failed to comply with section 687 of this title may elect to claim compensation under this chapter or to bring a civil action against the employer for full damages resulting from the work injury. In the civil action the employer has the burden of proving that the injury did not result from the employer's negligence and that the employer's negligence was not the

27

proximate cause of the injury. The employer may not plead as a defense any of the following:

(1) The injury was caused by the negligence of a fellow-employee.

(2) The defense provided under 12 V.S.A. § 1036 unless the negligence was willful and with the intent of causing an injury.

(3) The employee assumed any risk in the employment.

(c) A worker shall commence a civil action under subsection (b) of this section within the three-year limitation period as provided in 12 V.S.A. § 512(4).

(d) The acceptance of any payment by an employee for a work injury shall not bar a subsequent election to pursue a civil suit under subsection (b) of this section unless the employee, with knowledge of his or her rights, signs a written agreement waiving the right to pursue a civil action. The agreement shall be filed with and approved by the Commissioner. If the employer fails to pay any amount due and owing under the workers' compensation act, the waiver agreement shall be void and the employee may pursue a civil action.

(e) Any employee who prevails in a civil action under subsection (b) of this section shall be entitled to costs, interest from the date of filing the claim, and reasonable attorney's fees.

(f)(1) If an injured worker voluntarily consents in writing, the worker may be paid compensation benefits by means of direct deposit or an electronic prepaid benefit card account in accord with the requirements of section 342 of this title.

(2) The issuer of the card shall comply with all of the requirements, and provide the holder of the card with all of the consumer protections, that apply to a payroll card account under the rules implementing the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., as may be amended.

(3) An electronic prepaid benefit card account may be used only for weekly payment of temporary benefits and not for the payment of a lump sum award or for permanent benefits.

(4) The Commissioner, in consultation with the Commissioner of Financial Regulation, may adopt rules to implement this section. (Amended 1981, No. 165

(Adj. Sess.), § 1; 1997, No. 19, § 1; 1997, No. 59, § 34a, eff. June 30, 1997; 1999, No. 85 (Adj. Sess.), § 2, eff. April 19, 2000; 2003, No. 132 (Adj. Sess.), § 9, eff. May 26, 2004; 2013, No. 6, § 1.)

## § 622. Right to compensation exclusive

Except as provided in subsection 618(b) and section 624 of this title, the rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he or she is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of the employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise on account of such injury. (Amended 1997, No. 19, § 2.)

## § 625. Contracting out forbidden

An employer shall not be relieved in whole or in part from liability created by the provisions of this chapter by any contract, rule, regulation, or device whatsoever. (Amended 1963, No. 134, § 1, eff. June 6, 1963.)

## § 687. Security for compensation

(a) Employers, not including State, county, or municipal bodies, shall secure compensation for their employees in one or more of the following ways:

(1) By insuring and keeping insured the payment of such compensation with any corporation or reciprocal or interinsurance exchange authorized to transact the business of workers' compensation insurance in this State.

(2) By obtaining and keeping in force guarantee insurance with any company authorized to do such guarantee business within the State.

(3) By establishing and maintaining to the satisfaction of the Commissioner the employer's financial responsibility necessary to secure payment by the employer of compensation according to the terms of this chapter. The Department of Financial Regulation shall provide technical assistance and a recommendation on each self-insurance application to the Commissioner. For purposes of this subdivision, the Commissioner shall, after consultation with the Commissioner of Financial Regulation, adopt rules and impose terms and conditions, including surety bonds, cash deposits, or reserves and excess risk insurance, as necessary to ensure the same security for compensation as provided under contract for workers'

compensation or guarantee insurance. The fund shall be free from attachment or trustee process so long as any liability for the compensation exists.

(4) By participating to the satisfaction of the Commissioner of Labor in a nonprofit, self-insurance corporation approved by the Commissioner of Financial Regulation under this chapter.

(b) In the event an employer fails to secure workers' compensation as required by this section and an employee reasonably believes that he or she has received a personal injury by accident arising out of and in course of employment with that employer, then:

(1) If the employer is a corporation, the officers and majority stockholders of the corporation shall be personally liable for any benefits owed to the injured employee under this chapter.

(2) If the employer is a partnership, the partners shall be personally liable for any benefits owed to the injured employee under this chapter.

(3) If the employer is neither a corporation nor a partnership, the principals, executive officers, or controlling parties of the business, or all of these, shall be personally liable for any benefits owed to the injured employee under this chapter.

(c) Upon filing a claim for benefits under this chapter or if the employee elects to bring a civil action pursuant to subsection 618(b) of this title, the employee may obtain a lien against the property of the employer or the personal property of any persons described in subsection (b) of this section.

(d) The remedies provided in this section shall be in addition to any other remedies and penalties available under law.

(e) All insurance carriers authorized to write workers' compensation insurance coverage in Vermont shall make available, at the written request of the employer, a workers' compensation insurance rate that contains a deductible provision that binds the employer to reimburse the workers' compensation insurer for at least the first $500.00 of benefits, medical or indemnity, due to an injured employee. Claims shall be adjusted and paid by the insurer, and the employer shall reimburse the insurer for the amount of the deductible. (Amended 1971, No. 31, § 4, eff. March 31, 1971; 1981, No. 165 (Adj. Sess.), § 6; 1985, No. 194 (Adj. Sess.), § 10; 1989, No. 225 (Adj. Sess.), § 25(b); 1993, No. 225 (Adj. Sess.), §§ 14, 28a; 1995, No.

180 (Adj. Sess.), § 38(a); 1997, No. 19, § 7; 2005, No. 103 (Adj. Sess.), § 3, eff. April 5, 2006; 2007, No. 208 (Adj. Sess.), § 9; 2011, No. 78 (Adj. Sess.), § 2, eff. April 2, 2012.)